IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| *In re DMCA Subpoena to X Corp.* | Misc. Case No. 1:25-mc-00425 |

**SECOND REQUEST FOR RE-ISSUANCE OF SUBPOENA
PURSUANT TO 17 U.S.C. § 512(h)**

The National Board of Medical Examiners ("NBME"), by and through undersigned counsel, hereby requests the Clerk of Court to re-issue a subpoena to X Corp. ("X"), formerly doing business as Twitter, pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h), for the purpose of identifying alleged infringer(s) of NBME's copyrighted exam material.

**PROCEDURAL HISTORY**

NBME previously requested, and received, issuance of a subpoena to X Corp. related to the same subject matter. *See* Dkt. 1 (Mar. 19, 2025); Dkt. 2 (Mar. 24, 2025). NBME sent the subpoena to the attention of X's registered DMCA agent via UPS (delivered on March 28, 2025), based on the understanding of counsel for NBME that X accepted legal requests for information regarding X accounts submitted via email, mail, or facsimile. That understanding was based upon information posted on X's website. *See, e.g.,* https://help.x.com/en/rules-and-policies/x-legal-faqs. NBME did not receive any response to that subpoena.

Counsel for NBME subsequently attempted to follow up on the subpoena through outreach to an outside counsel for X who has represented X in connection with another DMCA subpoena (NBME's counsel was unable to locate the name of any in-house lawyer or other X employee who appeared to be an appropriate person to contact regarding its subpoena). Those efforts did not result in the production of the requested information.

NBME therefore sought re-issuance of the subpoena so that it could formally serve the subpoena on X Corp. through its registered agent in Texas, after informal service of the prior subpoena apparently was not accepted. NBME filed a Request for Re-Issuance of Subpoena Pursuant to 17 U.S.C. § 512(h) on July 29, 2025. *See* Dkt. 3. The subpoena was re-issued on July 30, 2025. *See* Dkt. 4. NBME served this subpoena by hand delivery to X Corp.'s registered agent in Texas on July 31, 2025.

On August 13, 2025, counsel for X Corp. sent letter objections to the subpoena to counsel for NBME. The parties subsequently met and conferred in an attempt to amicably resolve the issues raised through those objections. This second request for re-issuance of the subpoena is an outgrowth of that discussion.

## **CURRENT REQUEST**

Without conceding any arguments regarding the validity and enforceability of the subpoena that was served on July 31, 2025, NBME respectfully requests that the Court re-issue the subpoena to X Corp. in light of this filing. This further request is made on a good faith basis and in an effort to conserve resources of the parties and the Court by obviating motion practice regarding enforceability of the subpoena that was previously issued and served.

In further support of this request, NBME provides the following additional background and argument.

**I.    The statutory requirements have been met**

A copy of the proposed subpoena is attached at **Exhibit A**. A DMCA take-down notice was previously delivered to X Corp, as shown at **Exhibit B**. A supporting declaration is attached at **Exhibit C**. Thus, the DMCA requirements have been met. *See* 17 U.S.C. § 512(h)(2)-(4).

**II.     First Amendment protections do not prevent issuance of this subpoena**

As discussed above, in the interest of minimizing disputes, NBME is addressing in this renewed request why issuance of the requested subpoena pursuant to the DMCA does not run afoul of First Amendment protections.

First Amendment protections extend to certain anonymous online speech. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). Those protections, however, are not unbounded:

> The Supreme Court has recognized that the First Amendment provides protection for anonymous speech. … The First Amendment does not, however, provide a license for copyright infringement. … Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (internal citations and citations omitted); *see also Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (noting that courts may decline to afford any heightened First Amendment scrutiny when an individual "effectively use[s] his privacy interest to operate anonymously on the Internet to hide copyright infringement").

Courts have applied different tests in addressing First Amendment issues in the context of DMCA subpoenas. This Court has balanced the need for disclosure against the anonymous speaker's expectation of privacy by considering the following factors: "(1) a concrete showing of a *prima facie* claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Hunter Killer Prods., Inc. v. Boylan*, No. 20-306, 2021 WL 2878558, at *2 (W.D. Tex. 2021) (citations omitted); *see also, e.g., Malibu Media, LLC v. Doe*, No. 19-601, 2019 WL 3884159, at *1-2 (W.D. Tex. Aug. 16, 2019).

Issuance of NBME's requested subpoena is justified under all these factors. NBME has stated a prima facie case of copyright infringement and actionable harm. The posts at issue reflect the content of secure test questions found on the United States Medical Licensing Examination ("USMLE"). The USMLE is a licensing examination relied on by state medical boards across the U.S. in evaluating applicants for medical licensure. The USMLE test questions are original, copyrighted material that NBME has registered with the U.S. Copyright Office in compliance with regulations adopted specifically to protect the confidentiality of "secure" tests, and counsel for NBME has attested to the copyrighted material and corresponding infringing content in its DMCA notice letter accompanying the subpoena request. Unauthorized disclosure of these test questions harms not only NBME's interests but also the interests of the public at large. *See generally Nat'l Bd. of Med. Exam'rs v. Optima Univ.*, No. 09-1043, 2011 WL 7615071 (W.D. Tenn. 2011) (granting summary judgment to NBME in case involving infringement of USMLE test questions by putative test preparation company); *cf. Giri v. Nat'l Bd. of Med. Exam'rs*, 718 F. Supp. 3d 30, 47-48 (D.D.C. 2024) (in case challenge score invalidations made in response to evidence of large-scale organized cheating on the USMLE, finding that plaintiffs were not entitled to preliminary injunctive relief that would require NBME to reinstate their invalidated scores, and noting as part of the "public interest" factor that "the Court must give due weight to the vital interests of patients who might receive health care from unqualified residents").

The information requested in the subpoena thus relates not only to a legitimate effort to enforce intellectual property rights, but to a public health issue that is of national importance.

NBME's subpoena request is also reasonably tailored to seek the information needed to identify the posting party. NBME has requested the name, last known address, last known telephone number, and the electronic email addresses and Internet Protocol addresses associated

with the X account at issue. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-922, 2015 WL 3555270, at *4 (N.D. Cal. June 5, 2015) (ordering eBay to produce "the name, last known address, last known telephone number, any electronic email addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts from January 1, 2012, to the date of the subpoena). NBME has no other viable means of obtaining the subpoenaed information, and in the absence of a name, address, or other identifying information, NBME will have no viable way of attempting to investigate and respond to the infringing activity.

Finally, "courts have routinely held that a defendant's First Amendment privacy interest is small where the 'speech' is the infringement of copyrights." *Hunter Killer Prods.*, 2021 WL 2878558, at *3 (citations omitted). The poster whose identity is requested here anonymously posted content from a secure medical licensing exam and can have no legitimate expectation of privacy that would outweigh the interests of NBME and the broader public in disclosure of his or her identity.

For these reasons, NBME respectfully requests that the Clerk of Court re-issue the requested subpoena forthwith, pursuant to 17 U.S.C. § 512(h)(4).

Dated:  September 23, 2025

           Respectfully submitted,

           */s/ John R. Hardin*
           John R. Hardin, TX Bar No. 24012784
           Perkins Coie LLP
           500 North Akard Street, Suite 3300
           Dallas, TX 75201-3347
           Telephone: 214-965-7700
           Facsimile: 214-965-7799
           JohnHardin@perkinscoie.com

           Attorneys for NBME